**MIKE YELLEN**
P.O. Box 1302
Spring Valley, CA 91979

**In Pro Se**

FILED
2008 MAR 25 PM 2:13
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY YMX DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **MIKE YELLEN**,<br><br>Plaintiff,<br><br>vs.<br><br>**DENNIS RICHARDSON, JIM SILVA, BRANDT STRIEBY, MIKE DONLEY, DAREN WECKERLY**,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 08 CV 0086 JLS LSP<br><br>**MOTION FOR DEFAULT JUDGMENT**<br><br>Court Date<br>May 9, 2008<br>1030 am Dept 6 |

Plaintiff Mike Yellen moves this Court to enter a default judgment against Defendants Dennis Richardson, Jim Silva, Brandt Strieby, Mike Donley, and Daren Weckerly for $50,000,000.00, and states:

1. That a default has been entered against Defendants Dennis Richardson, Jim Silva, Brandt Strieby, Mike Donley, and Daren Weckerly for failure to answer or otherwise defend in the above-entitled matter.

2. That Defendants Dennis Richardson, Jim Silva, Brandt Strieby, Mike Donley, and Daren Weckerly is not in the military service as shown by the attached affidavit.

DATED: this 25th day of March, 2008.

MIKE YELLEN
In Pro Se

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Plaintiff filed his civil rights complaint on January 15, 2008 and Defendants were served by U.S. Mail on the same day. To date Defendants have not responded to Plaintiff's complaint or otherwise defend against the complaint in any aspect.

Plaintiff on March 4, 2008 filed a request to enter default which was not granted since Plaintiff did not provide the Clerk of the Court with proof of service of his complaint. Plaintiff corrected this aspect and refiled his request to enter default. Default was entered as to each Defendant on March 18, 2008.

On March 4, 2008 Plaintiff mailed each Defendant a notice of motion for judgment.

Pursuant to FRCP 55(c)(2) entry of default is proper when Defendants have refused to appear, defend or respond to the instant cause of action. The basic purpose of default judgment is to protect parties from undue delay Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1995), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed. 2d 754 (1976). The Seventh Circuit has held that they have long since moved away from the position of disfavoring default judgments. Matter of State Exchange Finance Co., 896 F.2d 1104, 1106 (7th Cir. 1990); Dimmitt & Owens Financial, Inc. v. United States, 787 F.2d 1186, 1192 (7th Cir. 1986).

Plaintiff would further point out that the general rule of law is that upon default the factual allegation of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944); Flake v. Koegel, 504 F.2d 702, 707 (2nd Cir. 1974). Support for this general rule is found in Rule 8(d) of the Federal Rules of Civil Procedure which reads:

> "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

Here in the instant action, Defendants have willfully violated Plaintiff's constitutional rights as set forth in Plaintiff's complaint. Plaintiff has not been the only victim of such constitutional violations. This has been the practice of Defendants for several years during Plaintiff's employment.

Even though the sum that Plaintiff has set forth in his complaint is large, it is not unreasonable considering Defendant's conduct. The Ninth Circuit has stated that: "It has been widely held by the courts that have considered the problem that the financial standing of the defendants is inadmissible as evidence in determining the amount of compensatory damages to be awarded." Geddes, supra. See e.g. Eisenhauer v. Buger, 431 F.2d 833, (6th Cir. 1970); Parkins v. Brown, 241 F.2d 367, 368 n.2 (5th Cir. 1957); Blankenship v. Rowntree, 219 F.2d 597, 598 (10th Cir. 1955).

Based on Defendant's unwillingness to defend and refusal to appear in the instant cause of action, Plaintiff would move this Court to enter default against Defendants Dennis Richardson, Jim Silva, Brandt Strieby, Mike Donley, and Daren Weckerly.

DATED: this 25th day of March, 2008.

MIKE YELLEN
In Pro Se

//

//

//

//

//

//

//

//

//

//

**CERTIFICATE OF SERVICE**

I, MIKE YELLEN hereby certify that a true and correct copy of the foregoing **MOTION FOR DEFAULT JUDGMENT** was served upon the below listed Defendants by placing a copy of the same in the United States mail, postage prepaid, and sent to their last known address of their place of business as follows:

**DENNIS RICHARDSON**
Southwest Fabricators
2500 Sweetwater Springs Blvd., Suite 110
Spring Valley, CA. 91978

**JIM SILVA**
Southwest Fabricators
2500 Sweetwater Springs Blvd., Suite 110
Spring Valley, CA. 91978

**BRANDT STRIEBY**
Southwest Fabricators
2500 Sweetwater Springs Blvd., Suite 110
Spring Valley, CA. 91978

**MIKE DONLEY**
Southwest Fabricators
2500 Sweetwater Springs Blvd., Suite 110
Spring Valley, CA. 91978

**DAREN WECKERLY**
Southwest Fabricators
2500 Sweetwater Springs Blvd., Suite 110
Spring Valley, CA. 91978

DATED: this 25th day of March, 2008.

MIKE YELLEN
In Pro Se