ROGER M. MANSUKHANI (SBN: 164463)
JAN K. BUDDINGH, JR. (SBN: 113740)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendants
MICHAEL DONLEY and DENNIS RICHARDSON

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE YELLEN,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS RICHARDSON, JIM SILVA, BRANDT STREIEBY, MIKE DONLEY, DAREN WECKERLY,<br><br>Defendants. | CASE NO. 08CV0086JLS (LSP)<br><br>**ANSWER OF MICHAEL DONLEY TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant Michael Donley (sued herein as "Mike Donley" and hereinafter referred to as "Defendant"), and in answer to the Complaint of Mike Yellen (hereinafter referred to as "Plaintiff") admits, denies and alleges as follows:

**I.**

JURISDICTION

1. In response to the unnumbered paragraph under the Jurisdiction heading of the Complaint, to the extent t contains conclusions of law, no answer is required and those conclusions of law are denied. Defendant does not dispute that this court has jurisdiction over what appears to be a claim filed pursuant to the Americans With Disabilities Acts ("ADA"). Except as expressly admitted herein, Defendant denies the remaining allegations in this paragraph.

/ / /

## II.

## PARTIES

2. In response to the first unnumbered paragraph under the Parties heading of the complaint, Defendant admits that Mr. Yellen worked for Southwest Fabricators for approximately three years and that he was eventually promoted to Team Supervisor, not Production Supervisor.

3. In response to the second unnumbered paragraph under the Parties heading of the complaint, Defendant admits that Dennis Richardson is Production Manager at Southwest Fabricators and was Plaintiff's immediate supervisor. The remaining allegations in said paragraph are ambiguous and Defendant denies all other allegations contained in said paragraph.

4. In response to the third unnumbered paragraph under the Parties heading of the complaint, said allegations are ambiguous and Defendant denies all allegations contained in said paragraph.

5. In response to the fourth unnumbered paragraph under the Parties heading of the complaint, Defendant admits that Michael Donley is the Human Resources Manager of Southwest Fabricators. The remaining allegations in said paragraph are ambiguous and Defendant denies all other allegations contained in said paragraph.

6. In response to the fifth unnumbered paragraph under the Parties heading of the complaint, Defendant admits that Brandt Strieby was a Vice President at Southwest Fabricators when Plaintiff worked there. The remaining allegations in said paragraph are ambiguous and Defendant denies all other allegations contained in said paragraph.

7. In response to the sixth unnumbered paragraph under the Parties heading of the complaint, Defendant admits that Daren Weckerly is the President of Southwest Fabricators. The remaining allegations in said paragraph are ambiguous and Defendant denies all other allegations contained in said paragraph.

///

///

///

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## III.

## FACTS

**Ground One:**

8. In response to the first unnumbered paragraph under the Ground One subheading of the Complaint, Defendant denies all allegations contained in said paragraph.

9. In response to the second unnumbered paragraph under the Ground One subheading of the Complaint, Defendant admits that Mr. Yellen worked for Southwest Fabricators for approximately three years and that he was eventually promoted to Team Supervisor, not Production Supervisor.

10. In response to the third unnumbered paragraph under the Ground One subheading of the Complaint, the allegations contained in said paragraph are ambiguous and Defendant denies all allegations contained in said paragraph.

11. In response to the fourth unnumbered paragraph under the Ground One subheading of the Complaint, the allegations contained in said paragraph are ambiguous and Defendant denies other allegations contained in said paragraph.

12. In response to the fifth unnumbered paragraph under the Ground One subheading of the Complaint, the allegations contained in said paragraph are ambiguous and Defendant denies other allegations contained in said paragraph.

13. In response to the sixth unnumbered paragraph under the Ground One subheading of the Complaint, Defendant admits that Plaintiff was discharged from Southwest Fabricators on September 6, 2007, and that he has not been requested to return to work at said company since that date. Defendant denies all other allegations contained in said paragraph.

**Ground Two:**

14. In response to the first unnumbered paragraph under the Ground Two subheading of the Complaint, Defendant denies all allegations contained in said paragraph.

15. In response to the second unnumbered paragraph under the Ground Two subheading of the Complaint, Defendant admits that Plaintiff broke his leg on or about July 18, 2007 and that he was thereafter placed on FMLA leave and that he was discharged as part of a

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

reduction in force while he was still out on said leave. Defendant denies all other allegations contained in said paragraph.

16. In response to the third unnumbered paragraph under the Ground Two subheading of the Complaint, the allegations contained in said paragraph are ambiguous and Defendant denies all other allegations contained in said paragraph.

17. In response to the fourth unnumbered paragraph under the Ground Two subheading of the Complaint, the allegations contained in said paragraph are ambiguous and Defendant denies all other allegations contained in said paragraph.

18. In response to the fifth unnumbered paragraph under the Ground Two subheading of the Complaint, the allegations contained in said paragraph are ambiguous and Defendant denies all other allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from recovery because all actions, if any, taken by Defendant with respect to Plaintiff's employment and/or employment opportunity were taken in good faith, honest, and property managerial discretion, for valid, legitimate, non-discriminatory, non-retaliatory business reasons, and without malice and Defendant has not violated any rights Plaintiff may have under federal, state or local laws, rules, regulations or guidelines.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to exhaust required administrative remedies and, as a result of that failure, some or all of his causes of action are barred.

///

///

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that, to the extent Plaintiff was an employee of Southwest Fabricators, that employment was at-will.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that they have taken no action and made no omission that violated or sought to violate any statutory or constitutional right relating to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that this lawsuit is frivolous, unreasonable, or without foundation and, as a result, Defendant is entitled to recover its costs and attorney's fees from Plaintiff, and hereby seeks that recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that it is not liable for punitive damages as requested by Plaintiff because, among other reasons, the imposition of such damages against Defendant would violate the rights, privileges, and immunities guaranteed to it under the Constitution and laws of the United States and the State of California. Also, Defendant has not taken any action or made any omission that would justify the imposition of any damages in this case, including exemplary damages.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has suffered no damages as a result of any alleged act or omission of Defendant, and that Plaintiff has failed to mitigate his damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs causes of action are barred by the equitable doctrines of waiver, estoppel and unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be reduced or

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

diminished by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income or as benefits.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the injuries or damages alleged by Plaintiff, if any, were the result of preexisting conditions that are unrelated to any conduct of Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendant. Any action on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any injuries or damages claimed by Plaintiff, if any, were caused, in whole or in part, by the acts or omissions of others for whose conduct Defendant is not responsible.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's causes of action are barred by the statute of limitations, including the statute of limitations set forth in Code of Civil Procedure Section 335.1 and Section 339, California Government Code Section 12940 et seq., and any other applicable statute of limitations and/or the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that it exercised reasonable care to prevent any alleged discrimination and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

///

///

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff was negligent and did not exercise due caution or care with respect to the matters alleged in the Complaint and that it in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or injury by failing to make his complaints known to Defendant so that prompt remedial action could be taken and that, therefore, any remedy or recovery to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any unlawful or other wrongful acts attributed to any person(s) employed by Defendant were outside the scope of its authority and such acts, if any, were not authorized, ratified or condoned by said Defendant nor did said Defendant know or have reason to be aware of such alleged conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any claim for injuries to Plaintiff alleged in the Complaint is barred to the extent such injuries are or\were cognizable under the workers' compensation statutes by reason of the exclusivity provisions of said statutes and thus this Court lacks jurisdiction over the Complaint and the causes of action alleged therein.

**NINETEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and each and every cause of action alleged therein are barred or any recovery is reduced by the doctrine of after-acquired evidence.

**TWENTIETH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, the Complaint fails to state facts upon which attorneys' fees can be awarded.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the employment agreement executed by Plaintiff requires that this dispute be submitted to arbitration.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from recovery because of the failure to perform a necessary condition precedent.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that it exercised reasonable care to prevent and promptly correct any alleged improper conduct and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not a disabled person within the meaning of California's Fair Employment and Housing Act.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is unable to perform the essential function of the job with or without reasonable accommodation.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint is subject to mandatory binding arbitration and that, therefore, this case must be dismissed in its entirety.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant prays judgment as follows:

1. That Plaintiff take nothing by virtue of this action;
2. That Plaintiff's request for injunctive relief be denied;
3. For all costs of suit herein;

///

4. That all causes of action alleged in the Complaint filed herein be dismissed with prejudice;

5. For all attorneys' fees and costs expended in defense of this action; and

6. For such other and further relief as this court deems just and proper.

Dated: 4-28-08

GORDON & REES LLP

By: ______________________
Jan K. Buddingh, Jr.
Attorneys for Defendants
Mike Donley and Dennis Richardson

**DEMAND FOR JURY TRIAL**

Defendant Mike Donley hereby demands trial by jury on Plaintiff's Complaint and all claims therein that are triable by jury.

Dated: 4-28-08

GORDON & REES LLP

By: ______________________
Jan K. Buddingh, Jr.
Attorneys for Defendants
Mike Donley and Dennis Richardson

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA 92101. On April 28, 2008, I served the within documents:

**ANSWER OF MICHAEL DONLEY TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

[X] BY ELECTRONIC FILING. I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

[ ] by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Southern District, addressed as set forth below.

[ ] by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

[ ] by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by DHL as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

[ ] by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by Express Mail by U.S. post office as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

Mike Yellen
*In Pro Per*
8926 Delrose Ave., #17
Spring Valley, CA 91977

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 28, 2008, at San Diego, California.

B. Guthrie

Beverlina Guthrie

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101