ROGER M. MANSUKHANI (SBN: 164463)
JAN K. BUDDINGH, JR. (SBN: 113740)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendants
MICHAEL DONLEY and DENNIS RICHARDSON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE YELLEN,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS RICHARDSON, JIM SILVA, BRANDT STRIEBY, MIKE DONLEY, DAREN WECKERLY,<br><br>Defendants. | CASE NO. 08CV0086JLS (LSP)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Date: July 17, 2008<br>Time: 1:30 p.m.<br>Dept: Courtroom 6 |

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## INTRODUCTION

Plaintiff Mike Yellen was a production supervisor for Southwest Fabricators, a metal fabrication company located in Spring Valley, California when he was the subject, along with several other employees, of a reduction in force caused by Southwest Fabricator's loss of a large account. Though he was then on leave for an injury sustained while skydiving, Mr. Yellen's employment was terminated solely because of that significance loss in business.

Mr. Yellen has filed an action in pro per not against his employer, Southwest Fabricators, but against five individuals. So as to get this matter to an Early Neutral Evaluation Conference, two of the Defendants, Mr. Yellen's direct supervisor, Dennis Richardson, and Southwest Fabricators' human resources manager, Mike Donley, voluntarily appeared and filed answers herein.

/////

This present motion arises from erroneous proofs of service that describe Judy Mercier, a receptionist/payroll clerk at Southwest Fabricators, as an "Authorized person" to accept service upon each of the Defendants. She was served at the Southwest Fabricators' plant in Spring Valley, California. As set forth in the accompanying declarations of those gentlemen, as well as the declaration of Ms. Mercier, Ms. Mercier was not and is not authorized to accept service of process on behalf of any of the individual Defendants herein.

**ARGUMENTS**

Federal Rules of Civil Procedure ("FRCP") Rule 55 allows a party to set aside an entered default for good cause. (FRCP Rule 55(c).) Likewise, a default judgment may be set aside pursuant to FRCP Rule 60(b). FRCP Rule 60(b) specifically allows relief from "a final judgment, order, or proceeding" when a judgment is void (FRCP Rule 60(b)(4)) or for "any other reason that justifies relief." (FRCP Rule 60(b)(6).)

Defective service may be attacked by a motion for relief from default given that such service would render a void judgment entered as a result of that service. (See, *Mason v. Genisco Technology Corp*. (9th Cir. 1992) 960 F.2d 849, 851.) Such a motion may be granted if the defendant can prove that the service was defective even if the defendant has actual notice. (*Carimi v. Royal Caribbean Cruise Line, Inc.* (5th Cir. 1992) 959 F.2d 1344, 1345.) Once the validity of service is challenged, the plaintiff then has the burden of proving that the service was valid. (*Walker & Zanger (West Coast) Limited v. Stone Design S.A.* (C.D. Cal. 1997) 4 F.Supp.2d 931, 934.)

A summons can only be personally served on an individual by personally delivering a copy of the summons and complaint to that person, by leaving a copy of the summons and complaint at the person's residence and then mailing those documents or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." (FRCP Rule 4(e).) The proofs of service filed herein do not reveal personal service upon the parties against whom the default was entered. Likewise, the proofs reveal no substituted service of those parties at their usual place of residence. (In fact, the proofs reveal no substituted service under California law given that there is no declaration of due diligence nor proof of mailing after

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

the purported service. See California Code of Civil Procedure ("CCP") section 415.20(b).)

Quite simply, as one may reasonably expect in the case of individual Defendants, the receptionist of the Defendants' employer was not authorized to accept service of process upon any of the individual Defendants in this case. That fact is confirmed by declarations from Mr. Strieby, Mr. Richardson and Mr. Weckerly, and also by the declaration of Southwest Fabricators' receptionist/payroll clerk, Judy Mercier.

As indicated in the accompanying declaration of Mike Donley, who voluntarily appeared herein along with Dennis Richardson, their voluntary appearances were deemed to be the most expeditious means of getting this matter before a magistrate at an Early Neutral Evaluation Conference so that it could be explained to Plaintiff why his case has no merit. A simple review of the Plaintiff's complaint reveals the questionable nature of his claims. Most glaring is his belief that his First Amendment rights have been violated by the Defendants, as to whom the First Amendment does not apply. Likewise, though Plaintiff was the subject of a reduction in force while he was out on disability leave, the law is clear that, so long as the fact that a person being out on disability leave or the person's disability has nothing to do with that person being chosen for the reduction in force, a disability discrimination claim would have no merit. Finally, should this case proceed past the Early Neutral Evaluation, the propriety of the individual Defendants being named as parties will be the subject of a dispostive motion.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## CONCLUSION

None of the Defendants herein were properly served. As is irrefutably indicated by the accompanying declarations, Judy Mercier was not authorized to accept service of process on behalf of any of the named Defendants. Any judgment entered against the moving Defendants would be void as a matter of law. As such, the present motion must be granted.

Dated: June 9, 2008

GORDON & REES LLP

By: /s/ Jan K. Buddingh, Jr.
Roger M. Mansukhani
Jan K. Buddingh, Jr.
Attorneys for Defendants
Mike Donley and Dennis Richardson
Specially appearing for Brandt Strieby, Jim Silva and Daren Weckerly