**MIKE YELLEN**
P.O. Box 1302
Spring Valley, CA 91979

**In Pro Se**

FILED
08 JUN 20 PM 1:26
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: gjm per law clerk DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **MIKE YELLEN,**<br><br>Plaintiff,<br><br>vs.<br><br>**DENNIS RICHARDSON, JIM SILVA, BRANDT STRIEBY, MIKE DONLEY, DAREN WECKERLY,**<br><br>Defendants. | § § § § § § § § § § § | Case No. 08 CV 0086 JLS LSP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

Plaintiff, Mike Yellen appearing in pro se hereby files his opposition to Defendant's motion to set aside entry of default upon Defendants Silva, Strieby and Weckerly. Defendant's motion is without merit and should be denied as service was sufficient since it was made upon an individual who is well-integrated into the organization and quite familiar with the formalities associated with the receipt of service of summonses and complaint. Furthermore, Defendants did in fact received Plaintiff's complaint and the summons, thereby received noticed that an action was being taken against them.

Plaintiff would request that based upon the memorandum of points and authorities, and attached affidavit Defendant's motion to set aside entry of default be denied.

DATED: this 20th day of June, 2008.

MIKE YELLEN
In Pro Se

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Here Defendants have never contended that they were never served with the summons and complaint. Their only contention is that Judy Mercier has "never been authorized to accept service of process on their behalf." Further, that they have never been personally served (in-hand) with a copy of the summons and complaint. Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984); Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685 (9th Cir. 1988). The rules are to be applied in a manner that will best effectuate their purpose of giving Defendants adequate notice. Thus, the service can be made upon a representative so integrated with the organization that she will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render fair, reasonable and just to imply the authority on her part to receive service. Id. at 688; Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa, 428 F.Supp. 1237, 1251 (S.D.N.Y. 1977); Insurance Co. of N. Am vv. S/S Hellenix Challenger, 88 F.R.D. 545, 547 (S.D.N.Y. 1980).

At Defendant's place of business Ms. Mercier, as noted in her declaration is not only the receptionist, but also the payroll clerk. When Plaintiff worked at Southwest Fabricators he would pick-up employee's pay checks from Ms. Mercier and when Plaintiff got too busy and forgot to pick-up the checks Ms. Mercier would bring them out to Plaintiff. She ensured that all employees, including managers would receive their checks. See Plaintiff affidavit Exhibit "A".

As the receptionist, Ms. Mercier would receive mail from UPS (requiring a signature); and office supplies (requiring a signature). Ms Mercier deals with not only incoming mail, but outgoing mail too. This requires her to provide delivery of all mail to the appropriate person. As was the case of the summons and complaint, shown by the fact that Defendant Richardson and Donley responded to Plaintiff's complaint. Service of the summons and complaint was perfected on the same day for each Defendants.

Many courts have exercised personal jurisdiction over defendants although service of process was not technically proper since the primary purpose of the federal process rule is to prove the defendant with notice that an action has been filed against them. Service therefore should be made upon a representative so integrated with the organization that she will know what to do with the papers. Generally,

service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on her part to receive service. Montclair Electronics, Inc. v. Electra/Midland Corp., 326 F.Supp. 839, 842 (S.D.N.Y. 1971). Moreover, Challenger, supra the court held that although the person served was not properly authorized to receive service and had misplaced and lost the summons and complaint, service had been properly effected since the person served was a representative of defendant 'well-integrated' into the organization and quite familiar with the formalities associated with the receipt of service of summonses and complaints. Id. at 548.

Finally, counsel as a lawyer, should have been well aware of the danger of ignoring process and permitting a default judgment to be entered and taken. Even to the extent that counsel waited a month to file his motion to set aside entry of default.

Defendant's motion is without merit, and Plaintiff would request that Defendant's motion to set aside entry of default be denied.

DATED: this 20th day of June, 2008.

MIKE YELLEN
In Pro Se

//
//
//
//
//
//
//
//

# EXHIBIT - "A"

# AFFIDAVIT OF MIKE YELLEN

I, MIKE YELLEN hereby swears under penalty of perjury as follows:

1. That, I am over the age of eighteen (18) years, of sound mind therefore, competent to testify on the within matters for which I have personal knowledge.

2. That, I am the Plaintiff within the foregoing civil rights complaint, and affiant herein and make this affidavit in support of Plaintiff's motion to reschedule early neutral evaluation conference hearing date.

3. That, in support of Plaintiff's opposition to Defendant's motion to set aside entry of default affiant states that he was employed at Southwest Fabricators for over 2 years, being promoted to Production Supervisor.

4. Affiant during his employment at Southwest Fabricators has ordered office supplies from places like Office Deport through Southwest Fabricators. These orders were made through the receptionist, one of the positions that Ms. Judy Mercier now holds. Each time affiant would place an order, the receptionist would inform him when the order came in. Affiant has also seen the receptionist sign for UPS deliveries, and was informed that the receptionist handles incoming and outgoing mail.

5. That, during affiant's employment at Southwest Fabricators he would pick-up employee's pay checks from Ms. Mercier and when affiant got too busy and forgot to pick-up the checks Ms. Mercier would bring them out to him. Affiant was informed that Ms. Mercier ensured that all employees, including managers would receive their checks.

Further, affiant sayeth naught.

I, MIKE YELLEN hereby swears under penalty of perjury that all statements, facts, and events within my foregoing affidavit are true and correct of my own knowledge, except anything to be true and correct.

DATED: this 20th day of June, 2008.

MIKE YELLEN
Affiant

## CERTIFICATE OF SERVICE

I, MIKE YELLEN hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT** was served upon the below listed Defendants by placing a copy of the same in the United States mail, postage prepaid, and sent to their last known address of their place of business as follows:

**GORDON & REES, LLP**
101 West Broadway, Suite 2000
San Diego, CA 92101

DATED: this 20th day of June, 2008.

MIKE YELLEN
In Pro Se

//
//
//
//
//
//
//
//
//