ROGER M. MANSUKHANI (SBN: 164463)
JAN K. BUDDINGH, JR. (SBN: 113740)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendants
MICHAEL DONLEY and DENNIS RICHARDSON and
specially appearing for JIM SILVA, BRANDT STRIEBY
and DAREN WECKERLY

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE YELLEN,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS RICHARDSON, JIM SILVA, BRANDT STRIEBY, MIKE DONLEY, DAREN WECKERLY,<br><br>Defendants. | CASE NO. 08CV0086JLS (LSP)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Date: July 17, 2008<br>Time: 1:30 p.m.<br>Dept: Courtroom 6 |

## INTRODUCTION

Plaintiff's opposition to the present motion relies upon case law that purportedly allows liberal interpretation of Federal Rules of Civil Procedure ("FRCP") Rule 4 relative to service of process. However, Plaintiff failed to note he has the burden of proving the validity of service once it is challenged.

Plaintiff also submitted a declaration in support of his opposition, though it is completely irrelevant. Evidently he believes that a receptionist/payroll clerk who hands out checks and accepts delivery of UPS materials for a company is somebody who is authorized to accept service for an individual defendant.

Most importantly, his opposition fails to acknowledge that, for the court to consider liberally interpreting FRCP Rule 4, plaintiff must prove substantial compliance with that rule. Attempting to serve individual defendants by service at their place of work obviously does not

constitute substantial compliance given that such service would have been improper even if actually received by the defendants, which actual receipt he also did not prove. (See *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).)

**ARGUMENTS**

Unless there is substantial compliance with FRCP Rule 4, even actual notice of a summons and complaint will not constitute personal service. (*Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982).) Without such personal service, this court would have no personal jurisdiction over the moving defendants herein. (*Ibid.*)

As set forth in the moving papers, service of an individual defendant at his place of work is improper. (See, *Daly-Murphy v. Winston, supra,* 837 F.2d at 355.) Even if such service had been attempted under California law, plaintiff cannot prove substantial compliance given the lack of any declaration of due diligence and the failure to even attempt to mail a copy of the summons and complaint to any defendant's place of work, as would be required by California Code of Procedure ("CCP") section 415.20(b).

Plaintiff's opposition does not even attempt to prove substantial compliance with either federal or California law pertaining to personal service upon an individual. Plaintiff simply failed to provide any excuse why he attempted to substitute serve the individual Defendants at their place of work rather than at their residences.

While citing various cases that discuss the potential flexibility of Rule 4, Plaintiff's opposition does nothing to explain how those cases apply to this matter. For example, as set forth in the *United Food and Commercial Worker's Union* matter, the defendant in that case was seeking a dismissal, which the court therein deemed was too harsh of a result given a minor defect in the summons. In the *Montclair Electronics* case, the defendant at issue was a corporation, and the court found that service was proper upon the corporation when it was delivered to a manager in charge of the office at the time. Similarly the *Insurance Company of North America* matter dealt with service upon a corporation.

Likewise, the *Direct Mail Specialist* case involved service upon a corporation and the court found that service was proper under FRCP Rule 4(d)(3). (*Direct Mail Specialist, Inc. v.*

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

*Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).) In addition, though, that decision reiterated that substantial compliance is required to consider applying Rule 4 flexibly.

Finally, Plaintiff also ignores that this motion is alternatively brought pursuant to FRCP Rule 60(b). He does nothing to show that he would be prejudiced if the motion was granted, that the moving parties have no meritorious defense or that the defendants engaged in any activity that lead to the entry of default. (*Pena v. Seguros la Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985).)

As a simple review of the complaint reveals, there is no basis for individual liability as against any of the defendants in this case and, thus, any defense to this action is inherently meritricious. There is no basis for individual liability against the moving (and already appearing) defendants under the Family and Medical Leave Act, nor do they have any First Amendment exposure to anybody, including Plaintiff.

## CONCLUSION

Plaintiff has not provided this court with any basis upon which to be flexible in its application of Rule 4. There is no proof of any substantial compliance with the service requirements on individuals under either federal or California law. In fact, there is no proof of actual notice as to the moving parties. Clearly the equities weigh in favor of granting the present motion so as to allow the case to proceed on its merits.

Respectfully submitted,

Dated: July 1, 2008

GORDON & REES LLP

By: /s/ Jan K. Buddingh, Jr.
Roger M. Mansukhani
Jan K. Buddingh, Jr.
Attorneys for Defendants
Mike Donley and Dennis Richardson
Specially appearing for Brandt Strieby,
Jim Silva and Daren Weckerly

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA 92101. On July 1, 2008, I served the within documents:

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT

☒ BY ELECTRONIC FILING. I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Southern District, addressed as set forth below.

by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by DHL as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

Mike Yellen
*In Pro Per*
P.O. Box 1302
Spring Valley, CA 91979

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 1, 2008, at San Diego, California.

/s/ Pamela Stear
Pamela Stear

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101