ROGER M. MANSUKHANI (SBN: 164463)
JAN K. BUDDINGH, JR. (SBN: 113740)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendants
MICHAEL DONLEY and DENNIS RICHARDSON
Specially Appearing for JIM SILVA, BRANDT STRIEBY
and DAREN WECKERLY

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE YELLEN, Plaintiff, vs. DENNIS RICHARDSON, JIM SILVA, BRANDT STRIEBY, MIKE DONLEY, DAREN WECKERLY, Defendants. | CASE NO. 08CV0086JLS (LSP)<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT**<br>Date: July 31, 2008<br>Time: 1:30 p.m.<br>Dept: Courtroom 6 |

## INTRODUCTION

Plaintiff Mike Yellen was a production supervisor for Southwest Fabricators, a metal fabrication company located in Spring Valley, California when he was the subject, along with several other employees, of a reduction in force caused by Southwest Fabricator's loss of a large account. Though he was then on leave for an injury sustained while skydiving, Mr. Yellen's employment was terminated solely because of that significance loss in business.

Mr. Yellen has filed an action in pro per not against his employer, Southwest Fabricators, but against five individuals. So as to get this matter to an Early Neutral Evaluation Conference ("ENE"), two of the Defendants, Mr. Yellen's direct supervisor, Dennis Richardson, and Southwest Fabricators' human resources manager, Mike Donley, voluntarily appeared and filed answers herein. The strategy of said Defendants was appropriate insofar as an ENE was set originally in this case for June 19, 2008. It was continued to June 25, 2008 at 9:00 a.m. by order

of Judge Papas, after which time Plaintiff objected to the new date such that the ENE is now set for August 8, 2008 at 9:00 a.m.

For their parts, Defendants Silva, Strieby and Weckerly have specially appeared and filed a Motion to Set Aside previously entered defaults, which motion was set to be heard on July 17, 2008. That hearing date has been taken off calendar insofar as this court will be ruling upon that motion without oral argument. Because of the timing of Plaintiff's motion to enter judgment, Defendants Silva, Strieby and Weckerly hereby specially appear, along with Defendants Richardson and Donley, to oppose plaintiff's Motion to Enter Default Judgment. Said Defendants hereby specifically incorporate by reference, as though set forth in full, the entirety of the Motion to Set Aside the defaults against Defendants Silva, Strieby and Weckerly and their reply to Plaintiff's opposition to said motion.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## ARGUMENTS

### A. Service Issues Warrant Denial of Plaintiff's Motion

To the extent that the Motion to Set Aside the defaults previously entered is pending as of the date of the hearing of this motion, the hearing date of the present motion should be stayed until the Motion to Set Aside is ruled upon. The procedure set forth in Federal Rules of Civil Procedure ("FRCP") Rule 55(b)(2) essentially allows a party to have a set aside motion determined before a court considers entering a default judgment. (See *Sea-Land Service, Inc. v. Ceramica Europa II, Inc.*, 160 F.3d 849, 852 (1st Cir. 1998).)

First ruling upon the propriety of an entry of default relative to a subsequent motion to enter judgment is essential because one of the bases for obtaining leave from the entry of a default judgment is that the judgment is void. (FRCP rule 60(b)(4).) A defectively served complaint renders a judgment void. (*Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).) Even when a defendant has knowledge of the existence of a complaint, defective service of the complaint constitutes a basis for relief from entry of default. (*Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992).) As such, for the very reasons why the pending Motion to Set Aside should be granted, the court should not allow judgment to be entered against Defendants Silva, Strieby and Weckerly.

As set forth in the Motion to Set Aside default, despite the defective service, two of the individual defendants appeared so as to get this matter before Magistrate Papas at an Early Neutral Evaluation Conference. As set forth in the declarations accompanying the motion to set aside the default, Mr. Donley is the Human Resources Director for Southwest Fabricators, and Mr. Richardson was Plaintiff's direct supervisor. Thus, their voluntary appearance and their presence at an ENE would then provide the court with the most valuable resources relative to knowledge of Plaintiff's activities.

All defendants know that they were not properly served. Plaintiff attempted personal service upon them by leaving copies of the summons and complaints with the receptionist/payroll clerk of Southwest Fabricators. Considering they are all individual defendants and that no attempt was made to serve them by substituted service under California law which would be the only means by which any service could be attempted upon them at work, any failure to appear is definitely excusable pursuant to the "mistake, inadvertence, surprise, or excusable neglect" element of FRCP rule 60(b)(1).

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

**B. <u>Judgment Should Not Be Entered Against Any Defendant</u>**

When considering whether to enter a default judgment, a court may consider various factors including:

> "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits." (*Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir. 1986).)

As to the issues of the default and possible prejudice to the Plaintiff, of which there is none, those are discussed in the pending motion to set aside the default. As seen from Plaintiff's Motion for Entry of Judgment, the amounts requested as damages are considerable.

As to the other factors, their analysis favors denying the present motion. In other words, the legally insufficient complaint reveals the significantly questionable merits of Plaintiff's substantive claim, and the few material facts alleged in plaintiff's complaint have already been

///

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

disputed in the context of the Motion to Set Aside entry of the default. (See Declaration of Mike Donley, par. 5.)

Notwithstanding the fact that a default has been entered, a defendant may contest the propriety of the pleadings. (*Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392-1393 (9th Cir. 1988).) In other words, the entry of default does not render the pleadings legally sufficient, nor does it establish facts not contained in the pleadings. (*Cripps v. Life Ins. Company of North America*, 980 F.2d 1262, 1267 (9th Cir. 1992).)

The facts actually pled reveal, other than that Plaintiff did not sue his employer, Plaintiff's belief that he advised several of the defendants of what he believed to be violations of company policy, both verbally and by way of e-mail. Evidently his primary concern was his allegations of misconduct to other supervisors, who he believed to have extreme favor with two of the defendants. (See, Plaintiff's complaint, p. 3, lns. 3-6.) It should be noted that Plaintiff pled that he addressed his concerns both verbally and in email. However, he pleads that he was evidently advised only to stop sending email. (See, p. 3 of Plaintiff's complaint.) He then indicates that his punishment for ignoring admonitions about email was to be placed on a day shift. (He pleads no damage relative to this claim, nor does he allege that act to be a demotion.). He then states that he was eventually discharged for exercising his First Amendment rights and "never called back" by Southwest Fabricators.

Besides the fact that none of the individual defendants have any liability as to the claims of Plaintiff, even if Plaintiff was told to not email relative to issues raised, he has no potential of recovery based upon any First Amendment claim against any of the defendants herein, nor would he have such a claim against his employer. (See, e.g., *Hurley v. Irish-American Gay Group of Boston*, 515 U.S. 557 (1995). See, also, *Grinzi v. San Diego Hospice Corporation*, 120 Cal.App.4th 72 (2004).) Because the First Amendment does not apply to preclude conduct of the type apparently pled against the defendants in the Plaintiff's complaint, his First Cause of Action clearly has no merit.

The Second Cause of Action appears to be an Americans with Disabilities Act ("ADA") claim. Plaintiff, however, fails to plead any facts indicating that he was or is disabled. He did

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

mention that his leg was broken, but did not plead that he was "disabled" as that term is used to define a disability claim under the ADA.

The improperly pled ADA claim also reveals the existence of more than a possibility of a dispute concerning a material fact. As set forth in the Declaration of Mike Donley in support of the Motion to Set Aside the default, Plaintiff was the subject of a reduction in force that happened to occur while he was out on a medical leave. Other people were subject to that same reduction in force on the same day. Notwithstanding the fact that there is no individual liability as against the defendants for an ADA claim, which, in actuality, would be a claim under the Family and Medical Leave Act ("FMLA"), factors clearly exist that would warrant this court to not enter judgment as requested by Plaintiff.

Plaintiff's complaint also reveals that his belief that all of the defendants are jointly liable for the same type of conduct. The damages alleged are identical and the conduct at issue appears to be generally pled as against each of the individual defendants. In these circumstances, given that some of the defendants have appeared and are defending this case, it would be inappropriate to enter any default judgment as against the remaining defendants to the extent that a finding of no liability as against the currently appearing defendants would be dispositive as to Plaintiff's claims against the other defendants. (See, e.g. *In re: First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).) It would be fundamentally unfair to enter a default judgment against any of the three defendants who are the subject of this motion while the other two properly obtained a defense verdict as to Plaintiff's claims.

## CONCLUSION

To the extent that this court considers Plaintiff's motion, it should remember that Plaintiff's complaint, on its face, is meritless. He is pleading a First Amendment claim against parties to whom that amendment does not apply. He then appears to plead what is actually a FMLA claim against parties who would have <u>no</u> legal liability as to that claim. Given the unequivocal public policy of favoring the resolution of cases on their merits, Plaintiff's motion

///

///

must be denied such that the defendants who have not appeared be allowed to appear and defend this matter to a proper judgment.

Dated: July 15, 2008

Respectfully submitted,

GORDON & REES LLP

By: /s/ Jan K. Buddingh, Jr.
Roger M. Mansukhani
Jan K. Buddingh, Jr.
Attorneys for Defendants
Mike Donley and Dennis Richardson
Specially appearing for Brandt Strieby, Jim Silva and Daren Weckerly

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA 92101. On July 15, 2008, I served the within documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT**

☒ BY ELECTRONIC FILING. I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Southern District, addressed as set forth below.

by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☒ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by United States Postal Service Express Mail as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

Mike Yellen
*In Pro Per*
P.O. Box 1302
Spring Valley, CA 91979

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 15, 2008, at San Diego, California.

/s/ Pamela Stear
Pamela Stear

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101