# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE YELLEN,<br>Plaintiff,<br>v.<br>DENNIS RICHARDSON, JIM SILVA, BRANDT STRIEBY, MIKE DONLEY, and DAREN WECKERLY,<br>Defendants. | CASE NO. 08cv86 JLS (LSP)<br>**ORDER: GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT** |

On May 8, 2008, the Clerk of the Court entered default against Defendants Jim Silva, Brandt Strieby, and Daren Weckerly. [Doc. No. 22.] Presently before the Court are Defendants' motion to set aside the entry of default and Plaintiff's motion for default judgment against those individual defendants. Defendants move to set aside the entry of default arguing that Plaintiff's method of service was defective. Plaintiff contends that his method of service was not defective because he left the summons and the complaint with the receptionist at Defendants' place of employment. For the following reasons, the Court **GRANTS** Defendants' motion to set aside entry of default and **DENIES** Plaintiff's motion for default judgment as moot.

## GOVERNING LAW

"Without a proper basis for jurisdiction, or in the absence of service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance" with Rule 4 of the Federal Rules of Civil Procedure. Id. at 1130. Once service is challenged, the plaintiff bears the burden of establishing sufficiency of process. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4 of the Federal Rules of Civil Procedure governs service of process. Although Rule 4 is a flexible rule that should be liberally construed, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

Rule 4(e) governs service on individuals within a judicial district of the United States. Rule 4(e) provides that a plaintiff may serve an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). California state law allows for service upon an individual by delivering a copy of the summons and complaint by "personal delivery or any authorized agent for service of process;" "[s]ubstitute service coupled with mailing after a good faith effort at personal service has been attempted;" or "[s]ervice by publication." Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30, 415.50.

Pursuant to Rule 55(c), a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "Failure to properly serve a defendant with process pursuant to Fed. R. Civ. P. 4 constitutes

good cause to set aside an entry of default." Koninklijke Philips Elecs. N. V. v. KXD Tech., Inc., 245 F.R.D. 470, 472 (C.D. Cal. 1992). The court has broad discretion in deciding whether to set aside the entry of default pursuant to Rule 55(c). Mendoza v. Wight Vineyard Management, 783 F.2d 941. 945 (9th Cir. 1986). There is a strong preference for trial on the merits, and any doubts should be resolved in favor of setting aside the default. Direct Mail Specialists v. Eclat Computerized Technologies, 840 F.2d 685, 690 (9th Cir. 1988).

When a court determines that service of process is insufficient, it has broad discretion to either dismiss the action without prejudice, or retain the case but quash the service of process. Oyama v. Sheehan, 253 F.3d 507, 513 (9th Cir. 2001); see also 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 585-86 (1969). A court should generally quash service of process instead of dismissing the action when there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly. Brockmeyer, 383 F.3d at 801. "Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." Moore v. Agency for Int'l Development, 994 F.2d 874, 876 (D.C. Cir. 1993).

**ANALYSIS**

Here, Plaintiff, proceeding pro se, contends that he complied with Rule 4 because he served the receptionist at the Defendants' place of employment and therefore served an "authorized agent." However, several cases indicate that in the context of lawsuits against *individual defendants*, plaintiffs cannot satisfy Rule 4 by merely leaving the summons and complaint at their place of business. Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) (stating that "Rule 4 has generally been construed to mean that service at a defendant's place of employment is insufficient."); Babb v. Bridgestone/Firestone, 861 F. Supp. 50, 51 (M.D. Tenn. 1993) (finding that service on receptionist at defendant's place of business was ineffective); Whisman v. Robbins, 712 F. Supp. 632, 635-636 (S.D. Ohio 1988). Further, Defendants have provided multiple declarations stating that the receptionist was not an authorized agent and Plaintiff presents no legitimate evidence to the contrary. Finally, Plaintiff has failed to submit any evidence demonstrating that he effectuated service by any other acceptable method under California or federal law. See McKinney v. Apollo Group, Inc, 2008

U.S. Dist. LEXIS 56324, (S.D. Cal. July 22, 2008), *15-18 (finding service at individual defendants' workplace ineffective, noting plaintiff failed to show that he effectuated service by any other appropriate method, and granting defendants' motion to set aside entry of default).

Accordingly, the Court **GRANTS** Defendants' motion to set aside entry of default and **DENIES** Plaintiff's motion for default judgment as moot. It is further ordered that service of process upon Defendants Jim Silva, Brandt Strieby, and Daren Weckerly is **QUASHED**. Plaintiff has forty-five (45) days from the date of this order in which to either (1) properly serve each Defendant in accordance with applicable law, or (2) file a waiver of service.

IT IS SO ORDERED.

DATED: August 25, 2008

Janis L. Sammartino

Honorable Janis L. Sammartino
United States District Judge