**MIKE YELLEN**
P.O. Box 1302
Spring Valley, CA 91979
**In Pro Se**

**NUNC PRO TUNC**
SEP 15 2008

FILED
08 SEP 16 PM 3:56
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **MIKE YELLEN,**<br>Plaintiff,<br>vs.<br>**DENNIS RICHARDSON, JIM SILVA, BRANDT STRIEBY, MIKE DONLEY, DAREN WECKERLY,**<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 08 CV 0086 JLS LSP<br>**MOTION TO VACATE ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT** |

Plaintiff, Mike Yellen appearing in pro se hereby submits his motion to request that the Court vacate its order granting Defendants' motion to set aside entry of default dated August 25, 2008 (docket #38). Plaintiff makes this motion based on the attached points and authority, in that, the order is not pursuant to Ninth Circuit decisions.

DATED: this 15th day of September, 2008.

Mike Yellen
In Pro Se

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

In its order, the Court failed to take into consideration the current holding of the Ninth Circuit that the rules are to be applied in a manner that will best effectuate their purpose of giving Defendants adequate notice. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984); Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685 (9th Cir. 1988). One cannot say Defendants were not given adequate notice as they appeared in the instant case. Furthermore, the Challenger Court held that although the person served was not properly authorized to receive service and had misplaced and lost the summons and complaint, service had been properly effected since the person served was a representative of defendant 'well-integrated' into the organization and quite familiar with the formalities associated with the receipt of service of summonses and complaints. Insurance Co. of N. Am vv. S/S Hellenix Challenger, 88 F.R.D. 545, 548 (S.D.N.Y. 1980).

Plaintiff would request that this Court's order granting Defendants' motion to set aside entry of default be vacated. Plaintiff would also request that the Court extend the time for service of Plaintiff complaint upon Defendants until its' ruling on Plaintiff's instant motion.

DATED: this 15th day of September, 2008.

MIKE YELLEN
In Pro Se

//

//

//

//

**CERTIFICATE OF SERVICE**

I, MIKE YELLEN hereby certify that a true and correct copy of the foregoing **MOTION TO VACATE ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT** was served upon the below listed Defendants by placing a copy of the same in the United States mail, postage prepaid, and sent to their last known address of their place of business as follows:

**GORDON & REES, LLP**
101 West Broadway, Suite 2000
San Diego, CA 92101

DATED: this 15th day of September, 2008.

MIKE YELLEN
In Pro Se